UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
TIANYI WEI,                                                              :
                                                                         :
                        Plaintiff,                                       :
                                                                         :     25-CV-1567 (JMF)
                -v-                                                      :
                                                                         :     ORDER
ERIK FANGSHEN WANG ET AL.,                                               :
                                                                         :
                        Defendants.                                      :
                                                                         :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On February 24, 2025, Plaintiff filed a Complaint in which she invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) and (3). *See* ECF No. 1 ("Compl."), ¶ 32. Although Plaintiff makes the conclusory statement that she "is completely diverse from the Defendants," *id.* at ¶ 33, her allegations fall short in multiple respects.

      For starters, diversity jurisdiction does not extend to cases involving noncitizens on both sides of the case. *See Suedrohrbau Saudi Co. v. Bazzi*, No. 21-2307-CV, 2023 WL 1807717, at *2 (2d Cir. Feb. 8, 2023) (summary order) ("[D]iversity is lacking . . . where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." (quoting *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)). The allegations that Plaintiff "resid[es] in the country of Saint Kitts and Nevis" and "is a Chinese national" suggest that Plaintiff is not a U.S. citizen. *See* Compl. ¶ 12. If so, then the Court would seem to lack jurisdiction given that numerous Defendants are alleged to be noncitizens. *See e.g., id.* ¶¶ 13, 19, 22.

      In any event, the Complaint must be amended to properly allege the citizenship of all parties. *See, e.g., Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

      First, the Complaint fails to properly allege the citizenship of all individual parties. For a U.S. citizen, "citizenship within the meaning of the diversity statute, is determined by his domicile," which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted). Therefore, for any individual party who is a U.S. citizen, Plaintiff must allege his or her domicile, rather than place of residence. *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . ."). Moreover, a

lawful permanent resident noncitizen domiciled in a state is not considered a citizen of that state for purposes of diversity jurisdiction. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126-27 (2d Cir. 2020) at 126-27 (holding that "an Israeli citizen and permanent resident in the United States domiciled in New York . . . is an alien for purposes of diversity jurisdiction.").

Second, the Complaint fails to properly allege the citizenship of all LLC parties. It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g., Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of all natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g., In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).

Third, the Complaint fails to properly allege the citizenship of all corporate parties. A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Accordingly, Plaintiff must allege both the principal place of business and state of incorporation of all corporate defendants.

No later than **March 5, 2025**, Plaintiff shall file an amended complaint properly alleging the *citizenship* of each party to this action. If, by that date, Plaintiff does not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.

SO ORDERED.

Dated: February 26, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge