```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
TIANYI WEI,                                                       :
                                                                  :
                            Plaintiff,                            :
                                                                  :       25-CV-1567 (JMF)
              -v-                                                 :
                                                                  :       ORDER OF DISMISSAL
                                                                  :
ERIK FANGSHEN WANG ET AL.,                                        :
                                                                  :
                            Defendants.                           :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

"[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 83 (2d Cir. 1990). Consistent with that proposition, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In the present case, jurisdiction is premised on diversity of citizenship, pursuant to Title 28, United States Code, Section 1332(a)(2). *See* ECF No. 5 ("Amended Compl."), ¶¶ 31-32. Section 1332(a)(2) provides in relevant part that diversity jurisdiction exists over civil actions between "citizens of a State and citizens or subjects of a foreign state." It is well-established that "diversity is lacking within the meaning of [this section] . . . where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).

A review of the Amended Complaint reveals that such is the case here, as the sole Plaintiff in the case and Defendant Canbo International Group, Ltd. are both citizens of foreign

states.  *See* Amended Compl.  ¶¶ 29, 32.  On February 26, 2025, Plaintiff was expressly warned that if she failed to file an amended complaint establishing this Court's subject-matter jurisdiction, then the Court would dismiss this case.  ECF No. 4.  Here, the Amended Complaint fails to establish the Court's subject-matter jurisdiction over this action.

Accordingly, the Amended Complaint is hereby DISMISSED without prejudice for lack of subject-matter jurisdiction.  Any pending motions are moot and any conferences are canceled.  The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: March 6, 2025
       New York, New York

_____
              JESSE M. FURMAN
              United States District Judge